UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Virginia Daschbach )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AmeriSave Mortgage Corporation )<br>)<br>Defendant ) | Case No. |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

## I.   INTRODUCTION

1.   This is an action brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*, and all applicable common law causes.

## II.  JURISDICTION AND VENUE

1.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, for the TCPA claims. *See also* Mims v. Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for private TCPA claims).

2.   Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here in the District of New Hampshire.

## III.  PARTIES

3.   Defendant AmeriSave Mortgage Corporation is a corporation with a principal address of 3525 Piedmont Rd NE, 8 Piedmont Center, Suite 600, Atlanta, GA 30305.

4. Defendant has a registered agent at Concord Search & Retrieval, Inc.,10 Ferry Street, 313, Concord, NH 03301.

5. Plaintiff is a natural person at all times relevant residing in the State of New Hampshire, County of Rockingham.

### IV.  FACTUAL ALLEGATIONS

4. After merely visiting the website of the Defendant, Plaintiff's computer and phone were immediately bombarded with unwanted advertising solicitations. The plaintiff did not consent to these advertising contacts nor have any preexisting business relationship with the Defendant.

5. The Plaintiff received a call from the Defendant shown on caller ID as 800-888-9978 on January 22, 2017 at 10:54 am on their cellular telephone. The call relayed a recorded message which urged the listener to call the Defendant back.  The plaintiff did not call the Defendant back.

6. At the same time, the Defendant sent an email on January 22, 2017 at 10:54 am.

7. The Plaintiff received additional calls from the Defendant on January 22, 2017 at 1:16 pm and 3:17 pm on their cellular telephone.

8. During those calls and emails the Defendant attempted to sell their services to the Plaintiff. The calls were telemarketing calls.

9. Upon information and belief, Defendant knows that the calls can be quite overwhelming and therefore uses this tactic to generate business by overwhelming the consumer into submission.

10. The content of these calls was a prerecorded voice advertisement to sell services and solicit business from the Plaintiff.

11. Plaintiff did not and does not have a preexisting business relationship with the Defendant. Nor has the plaintiff given their permission for such calls.

12. An as yet unknown number of consumers have the same or similar claims against the Defendant.

### V.   CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of herself/himself and a class of similarly situated individuals as defined below:

> All persons in the United States of America who within the last four years received telemarketing calls from AmeriSave Mortgage Corporation on their residential or cellular telephones using a prerecorded voice message and had not previously consented to the calls.

(the "Class"). Excluded from the Class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

14. The proposed Class is believed to be so numerous that joinder of all members is impracticable. The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Class is believed to be ascertainable in that the contact information of all members of the Class can be identified in business records maintained by Defendant or the Defendant's principal or agent.

15. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of the Defendant and Plaintiff has suffered the same injuries as each member of the class. Like all proposed members of the Class, Plaintiff received telemarketing calls from the Defendant to her residential telephone which utilized a prerecorded voice message.

16. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced in consumer protection litigation.  Plaintiff's counsel has co-counseled consumer class action litigation and has an established ongoing association with experienced consumer class action attorneys with nationwide reach and resources.

17. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

18. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the Class.  Among the issues of law and fact common to the Class are:

    i. Defendant's violations of the TCPA as alleged herein;

    ii. The existence of Defendant's identical conduct particular to the matters at issue; including but not necessarily limited to the placement of telemarketing calls to residential and cellular telephone numbers using a prerecorded voice message.

19. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

20. A heretofore unknown number of consumers are without a remedy for these violations of Federal Law.

## VI. CLAIMS FOR RELIEF

## **COUNT I**
## **DEFENDANT'S VIOLATIONS OF 47 U.S.C. 227**

21. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

22. The TCPA makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B)."[1]

23. The Statutory scheme of the TCPA provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

24. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

25. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual

---

[1] "Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party, unless the call… (ii) Is not made for a commercial purpose; (iii) Is made for a commercial purpose but does not include or introduce an advertisement or constitute telemarketing…" 47 C.F.R. § 64.1200(a)(3)(ii) and (iii).

knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010). *See also* Kolstad v. American Dental Assn., 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

26. Here, Defendant has used a prerecorded voice to call the Plaintiff on their cellular telephone.

27. The purpose of the call was solicitation.  It was a telemarketing call.

28. The Defendant did not have plaintiff's consent to contact their cellular telephone.

29. The Defendant made this call with careless or reckless disregard that their conduct violated the law.

30. The Defendant therefore willfully, intentionally, or negligently violated Federal Law.

31. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted these violations in a widespread manner.

32. A heretofore unknown number of consumers have the same or similar claims against the Defendant and are entitled to the relief provided for by Federal Law.

WHEREFORE, Plaintiff requests this Honorable Court enter the following relief:

   a. Determine that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

   b. Adjudge that Defendant violated 47 U.S.C. § 227;

   c. Enjoin the Defendant from any further violations of 47 U.S.C. § 227;

   d.  Award Plaintiff and members of the Class statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

   e. Award Plaintiff and members of the Class triple damages pursuant to 47 U.S.C. § 227(b)(3);

    f.   Award Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    g.   Approve or award attorneys' fees as appropriate for representing the plaintiff and the class;

    h.   Issue such other and further relief as the Court may deem just and proper.

**COUNT II**
**NH RSA 358-A**
**VIOLATIONS OF RSA 358-A BY EMPLOYING UNFAIR OR DECEPTIVE PRACTICES IN THE CONDUCT OF TRADE OR COMMERCE**

33. Plaintiffs repeat and re-allege each and every allegation contained herein as if fully stated within this count.

34. Under New Hampshire law it is unlawful to use any unfair or deceptive act or practice in the conduct of any trade or commerce. NH RSA 358-A:2. 27. "It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA 358-A.

35. Defendant was at all relevant times herein engaged in trade or commerce within the State.

36. As described herein, Defendant employed an unfair or deceptive act or practice when they made repeated robo-dialled calls and robotic or pre-recorded messages and repeatedly harassed the consumer for business.

37. Defendant knowingly or willfully pressured the consumer with pre-recorded phone messages and doubled the pressure by email communication in a concerted effort to harass the consumer into submission in an unfair and oppressive manner.

38. Plaintiff is therefore entitled to $1,000 to $3,000 in statutory damages, plus costs and attorneys fees. RSA 358-A:10.

WHEREFORE, the Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that the Defendant violated NH RSA 358-A;

b) Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-A;

c) Trebling any statutory damages by finding the violation to be willful or knowing;

d) Awarding the Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

e) Awarding the Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### INVASION OF PRIVACY

39. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

40. Defendant invaded the peace and quiet enjoyment of Plaintiff's life and home through repeated phone calls and messages.

41. Defendant without right or justification intruded upon the physical and mental solitude or seclusion of the Plaintiff.

42. Defendant therefore invaded the privacy of Plaintiff by intrusion upon seclusion.

43. Plaintiff suffered damages in loss of enjoyment of life, increased stress, mental and emotional disturbance.

WHEREFORE, Plaintiff prays for relief, Judgment in their favor, and an award of damages.

**PLAINTIFF IS ENTITLED TO AND HEREBY DEMANDS TRIAL BY JURY**

Dated: April 18, 2017

              Respectfully submitted,
              Counsel for the Plaintiff,
              and the proposed Class,

              /s/ John F. Skinner, III
              ATTY. JOHN F. SKINNER, III
              NHBN:19886
              Associated Attorneys of New England
              587 Union Street
              Manchester, NH 03104
              Tel: (603) 622-8100
              Fax: (888) 912-1497
              AttorneySkinner@gmail.com